503 P.2d 148

**Clifford L. PARKER et al., Plaintiffs and Appellants,**

v.

**GENERAL MOTORS CORPORATION et al., Defendants and Respondents.**

**No. 12718.**

Supreme Court of Utah.

Nov. 9, 1972.

Bottum & Leedy, Richard J. Leedy, J. Patrick Kane, Galen Ross, George Searle, Salt Lake City, for plaintiffs-appellants.

Worsley, Snow & Christensen, Salt Lake City, for General Motors Corporation.

Ray, Quinney & Nebeker, Salt Lake City, for Owen Wright, Inc.

HENRIOD, Justice:

Appeal from a dismissal with prejudice of a claim for damages arising out of a car collision, allegedly resulting from a break-

down of the ignition system negligently installed by the manufacturer and sold to plaintiff by a car dealer in 1964. Affirmed with costs to respondents.

 It is conceded that Parker had trouble time and again with the car and knowing of the trouble returned to the dealer a number of times to have the difficulty corrected. The complaint alleged negligence on the part of the manufacturer and the dealer. Under a protracted period of pleading and use of the discovery process, the plaintiffs were permitted to amend their complaint to include theories of warranty, strict liability and res ipsa loquitur, and after exhausting the processes of interrogatories, etc., the trial court on at least two occasions rejected such theories. The issues finally resolved by pre-trial conference etc., were principally negligence and perhaps breach of warranty for repairs on the part of the dealer. After the case had lain dormant for some time it was set for trial finally on a date certain, November 1, 1971, a Monday, roughly seven and a half years after the collision and about six years after the complaint was filed. Four days before the trial, on a Thursday, for some unknown reason not provided for in the rules, plaintiffs managed to get a hearing for the purpose of asking the court for the third time to permit the issues that had been rejected, to be presented to a jury, on the grounds that plaintiffs could not prove the negligence issue, and apparently for the purpose of belatedly appealing the matter of strict liability, warranty and res ipsa loquitur to this court as a matter of law. The appeal in this case is not based on the initial issue of negligence couched in the complaint but on a persistency to appeal issues long since rejected after ample opportunity to use and an extensive use of the discovery process without success. Under our procedural system, we can hardly condone last minute efforts to resurrect issues long since interred, or to delay a trial the night before on the basis of re-hashed issues that have met their fate before. The plaintiffs in making this belated gesture, made a proffer of proof after conceding they could not prove negligence, which proffer resulted in the dismissal by the trial court because it did not state a case even if the facts therein were taken as true. We have examined the record in which this proffer is included and we can see no reason to disagree with the conclusion of the trial court, in which event we are constrained to and do affirm such decision.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.